IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02335-PAB-MDB

DELBERT ELMER SGAGGIO, JR., and
JEROME FREEMAN,

Plaintiffs,

v.

STEVEN CARLOS, El Paso County Investigator, in professional and personal capacity,
T. ELGAS, El Paso County Security Officer, in professional and personal capacity,
J. RANDALL, El Paso County Security Officer, in professional and personal capacity,
DALY, El Paso County Investigator, in professional and personal capacity, and
BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Joint Opposed Motion for Relief Under F.R.C.P. 59(e) Alter Order (Doc 55) [Docket No. 68] and the Opposed Motion for Leave to File 2nd Amended Complaint [Docket No. 76]. Defendants filed responses, Docket Nos. 75, 79, and plaintiffs filed a reply. Docket No. 81.

## I. BACKGROUND

On August 23, 2024, Mr. Sgaggio and Mr. Freeman filed this case.[1] Docket No. 1. On December 26, 2024, Mr. Sgaggio filed an amended complaint. Docket No. 22. Plaintiffs' claims arose out of Mr. Freeman's attempts to effectuate service at the Colorado Springs police liaison's office. *See generally id.* Mr. Sgaggio was

[1] While Mr. Freeman did not sign the amended complaint, he did sign the original complaint. *See* Docket No. 1 at 17.

accompanying Mr. Freeman. *Id*. at 4. On March 12, 2025, defendants filed a motion to dismiss the complaint. Docket No. 31. On February 23, 2026, Magistrate Judge Maritza Dominguez Braswell issued a recommendation to grant the motion to dismiss as to all claims except a First Amendment retaliation claim. Docket No. 48. Mr. Sgaggio and defendants filed timely objections. Docket Nos. 49, 52. On March 31, 2026, the Court sustained defendants' objection and overruled Mr. Sgaggio's objection. Docket No. 55. The Court dismissed Mr. Sgaggio's claims with prejudice and ordered Mr. Freeman, who did not sign Mr. Sgaggio's objections, to show cause why this case should not be dismissed against him. *Id.* at 18. On April 15, 2026, Mr. Freeman stated that he did not know that he had to sign the amended complaint or Mr. Sgaggio's objections and wished to participate in this action. Docket No. 56 at 1-2. Given Mr. Freeman's intent to be a party to the amended complaint, the Court found that the March 31, 2026 order was equally applicable to Mr. Freeman, therefore dismissing his claims with prejudice and closing the case. Docket No. 60. On May 18, 2026, the Court entered final judgment. Docket No. 63.

On June 15, 2026, plaintiffs filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Docket No. 68. On July 6, 2026, defendants filed a response. Docket No. 75. On July 16, 2026, plaintiffs filed a motion for leave to amend the complaint. Docket No. 76. Defendants filed a response, Docket No. 79, and plaintiffs filed a reply. Docket No. 81. Both of plaintiffs' motions were signed by Mr. Sgaggio and Mr. Freeman. Docket Nos. 75 at 13; Docket No. 76 at 11.

## II. LEGAL STANDARD

"The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.*, 701

F.3d 598, 611 (10th Cir. 2012) (citation and alterations omitted). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Somerlott v. Cherokee Nation Distributors, Inc.,* 686 F.3d 1144, 1153 (10th Cir. 2012)). "Granting a Rule 59(e) motion to alter or amend judgment 'is an extreme remedy to be granted in rare circumstances.'" *Grynberg v. Ivanhoe Energy, Inc.*, No. 08-cv-2528, 2010 WL 2802649, at *1 (D. Colo. July 15, 2010) (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir.1995)).

## III. ANALYSIS

Plaintiffs assert that their Rule 59(e) motion is "based on video evidence" and that this video evidence is "already on the record." Docket No. 68 at 1. Plaintiffs also assert that the Court's dismissal of claims one, two, and five constitute manifest injustice. *Id.* at 3. The video evidence plaintiffs refer to was submitted to the Court via flash drive. Docket No. 61. It consists of four videos, which are dated as August 25, 2022, May 2, 2023, November 15, 2023, and April 8, 2026. *Id.* All the of the videos appear to have been taken by Mr. Sgaggio on his cellphone or other handheld video recording device. *Id.* Thus, with the exception of the April 8, 2026 video, all of this evidence was in Mr. Sgaggio's possession before the Court issued the March 31, 2026 order. Notably, the August 25, 2022 video is a recording of the events that gave rise to this lawsuit. *Id.* Plaintiffs included screenshots and written transcriptions of portions of the August 25, 2022 video in their amended complaint, but apparently decided not to submit the video to the Court until after Mr. Sgaggio's claims were dismissed. Docket No. 22 at 6-12. Plaintiffs did not submit the video evidence to the Court until May 8, 2026, over a month after the Court dismissed Mr. Sgaggio's claims on March 31, 2026

and the same day that the Court dismissed Mr. Freeman's claims for the reasons stated in the March 31, 2026 order. Docket No. 61. Thus, with the exception of the April 8, 2026 video, plaintiffs do not submit "new evidence previously unavailable," but rather base their Rule 59(e) motion on evidence that was previously in their possession that they chose not to submit. "[A] Rule 59(e) motion is not an opportunity for a party to present evidence or argument that could have been presented earlier." *Am. Fam. Mut. Ins. Co. v. Gustafson*, No. 08-cv-02772-MSK, 2012 WL 426636, at *2 n.4 (D. Colo. Feb. 10, 2012). Therefore, the Court finds that the three videos plaintiffs already had access to do not provide a basis to alter the judgment.

Plaintiffs argue that dismissal of the first claim constitutes manifest injustice because plaintiffs were banned from the building that hosts the police liaison's office. Docket No. 68 at 4, 7-8. Plaintiffs assert that this ban began on August 30, 2022 and that the April 8, 2026 video shows that plaintiffs were still banned from the building as of that date. *Id.* at 7. However, plaintiffs' first claim is a First Amendment retaliation claim based on the events of August 25, 2022. Docket No. 22 at 14-16, ¶¶ 50-60. Thus, events taking place on and after August 30, 2022 are outside the scope of the first claim. Therefore, plaintiffs do not show that there was manifest injustice in dismissing the first claim due to events that were outside the scope of such claim. For the same reason, this new evidence does not provide a basis to grant the motion for reconsideration. Moreover, even if plaintiffs' purported ban was within the scope of the first claim, the Court would not find that it demonstrates manifest injustice. Plaintiffs transcribe a portion of the video where an investigator for the Colorado Springs District Attorney's Office states that Mr. Sgaggio is not allowed in the building due to getting into

attorney's personal space and acting like wants to fight. Docket No. 68 at 8. The investigator explicitly denies that Mr. Sgaggio is not allowed in the building due to filming. *Id.* Thus, it appears that the ban is not due to any protected First Amendment activity, and therefore does not provide a basis for a First Amendment retaliation claim. *See VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1172 (10th Cir. 2021) ("To state a claim for First Amendment retaliation, a plaintiff must allege (1) that it was engaged in constitutionally protected activity, (2) the defendant's actions caused it to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that protected activity, and (3) the defendant's actions were substantially motivated as a response to [its] protected conduct.") (citation omitted).

The remainder of plaintiffs' arguments regarding the first claim are similarly unpersuasive. Plaintiffs argue that their speech was chilled, that they were blocked from accessing the lobby, and that defendants made efforts to prevent service of process. The Court, however, already addressed plaintiffs' first claim at length in its March 31, 2026 order. Docket No 55 at 5-10. Plaintiffs largely repeat arguments the Court already addressed and, crucially, fail to make any argument showing how the assertions in the motion for reconsideration demonstrate that reconsideration of the Court's order is necessary to prevent manifest injustice. For instance, plaintiffs assert that the fact they were denied access to the lobby was based on Mr. Sgaggio's speech. Docket No. 68 at 6. However, the Court already explained that blocking access to the police liaison's office (which presumably could only be accessed through the lobby) would not chill a person of ordinary firmness from the First Amendment right to serve process. Docket No. 55 at 8. This was because the Court found that there were

alternative manners to serve the police liaison.[2] *Id.* While plaintiffs make a blanket assertion that they were denied access based on Mr. Sgaggio's speech, they do not address the specifics of the Court's March 31, 2026 order or show how reconsideration of that order is necessary to prevent manifest injustice or correct clear error. Docket No. 68 at 6. This is the case throughout plaintiffs' arguments regarding the first claim. *Id.* at 4-9.

Plaintiffs' arguments as to their second claim fare no better. Plaintiffs' second claim brings a First Amendment claim[3] arising out of a policy requiring visitors to the government building to sign a logbook identifying themselves. Docket No. 22 at 16-18, ¶¶ 61-71. The Court analyzed this claim in light of the recommendation's unobjected to finding that the government building where the events occurred is a nonpublic forum. Docket No. 55 at 10-11. Plaintiffs object on the basis that petitioning the government is not subject to forum doctrine. Docket No. 68 at 9. But plaintiffs' second claim is based on speech, not petitioning. *See* Docket No. 22 at 16-18, ¶¶ 61-71; Docket No. 55 at 11 n.11. Thus, this argument is unavailing and does not show any manifest injustice in the Court's order. Plaintiffs also argue that there was no option not to sign the logbook. Docket No. 68 at 10. But the Court's findings as to the logbook policy were not premised on whether or not the policy was optional; rather, the Court dismissed the claim because it found that such a policy was reasonable and viewpoint neutral. Docket

---

[2] In fact, the Court noted that the police liaison was not in her office at the time and that the police liaison accepted service from Mr. Freeman that same day, upon returning to the building. Docket No. 55 at 8-9.

[3] The amended complaint asserts that this claim is brought under the First, Fifth, and Fourteenth Amendments. Docket No. 22 at 16. As noted in the March 31, 2026 order, however, the recommendation treated the claim as being brought solely under the First Amendment, which no party objected to. Docket No. 55 at 10 n.10.

No. 55 at 11-13. Plaintiffs do not argue that this finding was in clear error or caused manifest injustice.

Finally, plaintiffs fail to show any clear error or manifest injustice from the Court dismissing the fifth claim.[4] Plaintiffs fifth claim asserts a Fourth Amendment violation due to the fact plaintiffs were forced to identify themselves. Docket No. 22 at 20, ¶¶ 88-94. The Court dismissed this claim, in part, due to a finding that Mr. Sgaggio voluntarily identified himself. Plaintiffs state that they were told that signing the logbook was mandatory and that they were never told they did not have to give identification. Docket No. 68 at 11-12. However, plaintiffs being told they must sign a logbook and give identification to enter a nonpublic forum is not an allegation that plaintiffs were forced to identify themselves. Plaintiffs could have instead chosen not to enter the nonpublic forum, which, as explained above, would not have prevented plaintiffs from effectuating service. Moreover, as the Court explained in the March 31, 2026 order, the allegations in the amended complaint indicate that Mr. Sgaggio signed the logbook before asking if it was mandatory to do so. Docket No. 55 at 14-15. Thus, plaintiffs have not shown any clear error or manifest injustice and the Court will deny the motion for reconsideration.

The Court will also deny plaintiffs' motion for leave to file an amended complaint. The Court dismissed plaintiffs' claims with prejudice and closed this case. Docket No. 55 at 18; Docket No. 60 at 2. At least one court has found that "dismissal with prejudice precludes any amendment of the complaint by the plaintiff." *Craig Hosp. v. Tyson Foods, Inc.*, No. 17-cv-02534-REB-STV, 2019 WL 1082745, at *2 (D. Colo. Jan. 22,

[4] Plaintiffs bring arguments regarding the fifth claim under the subheading for claim two. *See* Docket No. 68 at 9-12.

2019). Moreover, when a case is closed, “the plaintiff can amend the complaint only by [1] moving to reopen the case under Rule 59(e) or Rule 60(b) and [2] moving for leave to amend under Rule 15.” *Castanon v. Cathey*, 976 F.3d 1136, 1145 (10th Cir. 2020) (citations omitted). Thus, because the Court will deny the Rule 59(e) motion, plaintiffs fail to satisfy the first step.

Even if plaintiffs could file a motion for leave to amend the complaint, the Court would deny it. Plaintiffs have already filed an amended complaint in this action. Docket No. 22. And the “new” evidence plaintiffs seek to introduce is mostly not new and is not relevant. While plaintiffs add new allegations in the proposed second amended complaint, *see generally* Docket No. 76-2, these allegations do not impact the underlying legal deficiencies in plaintiffs’ claims. Therefore, the Court finds that any such amendment would be futile.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Joint Opposed Motion for Relief Under F.R.C.P. 59(e) Alter Order (Doc 55) [Docket No. 68] is **DENIED**. It is further

**ORDERED** that the Opposed Motion for Leave to File 2nd Amended Complaint [Docket No. 76] is **DENIED**.

DATED October 26, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge